Filed 6/5/26  P. v. Monaghan CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>COLLIN DAVID MONAGHAN,<br><br>    Defendant and Appellant. | C103868<br><br>(Super. Ct. No. 25F281) |

Appointed counsel for defendant Collin David Monaghan filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record has disclosed no arguable errors favorable to defendant.  Accordingly, we will affirm.

## I.  BACKGROUND

On February 18, 2025, the People filed an information charging defendant with felony domestic violence (Pen. Code, § 273.5, subd. (a)—count 1)[1] and misdemeanor child abuse (§ 273a, subd. (b)—count 2).  The information alleged one aggravating

---

[1]  Undesignated statutory references are to the Penal Code.

circumstance that defendant took advantage of a position of trust to commit the crime. (Cal. Rules of Court, rule 4.421(a)(11).)

At the jury trial, the People presented evidence that, on June 13, 2024, V.M. had been dating defendant for 14 months. Defendant and V.M. lived together with G.C. (V.M.'s 11-year-old daughter) and defendant's children. When everyone was getting ready for bed, V.M. was in the living room watching television and G.C. was in the bathroom. V.M. saw defendant's son go into the bathroom. V.M. told him not to go in because G.C. was taking a shower, but he still went in. V.M. raised her voice and defendant's son apologized, came back out, and closed the door. Defendant yelled at V.M. for yelling at his son.

V.M. tucked G.C. into bed and went to bed herself. V.M. typically slept naked. G.C. came in shortly afterwards complaining of an upset stomach. V.M. sat up on the side of the bed to talk to G.C. V.M. covered herself with blankets while speaking to G.C. Defendant came in yelling that V.M. had shown his son her naked body. Defendant said he would do the same to her daughter and took off his clothes in front of G.C. V.M. called defendant "a piece of shit" and told G.C. to go out the sliding glass door in the bedroom and back to her room.

V.M. got dressed and tried to walk out of the bedroom. Defendant followed her screaming at the back of her neck, so close she could feel the spit on the back of her neck. V.M. turned around, shoved defendant, and told him to get away from her. Defendant shoved V.M. into a wall. Her left elbow and left knee hit the wall. There was a hole in the wall from her elbow and a dent from her knee. V.M. sustained abrasions to her left elbow and left knee.

V.M. did not call the police until July 8, 2024. V.M. delayed reporting because she was scared of defendant, had nowhere else to go, and was trying to salvage her relationship. V.M.'s friends and family said she needed to leave, and it was important to

2

get her daughter out. A verbal argument with defendant convinced V.M. she could not salvage the relationship.

In April 2025, the jury found defendant not guilty of felony domestic violence but guilty of the lesser included offense of misdemeanor battery on a cohabitant (§ 243, subd. (e)(1)), and not guilty of misdemeanor child abuse. The trial court sentenced defendant to three years informal probation and 48 hours of community service in lieu of custody time. It also issued a three-year criminal protection order protecting V.M. as a condition of probation. The court ordered defendant to pay a $355 base fine, a $150 restitution fine, a $40 court operations fee, a $30 criminal conviction fee, and a $500 domestic violence fee. Defendant timely appealed.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a more favorable judgment. Accordingly, we will affirm.

## III.  DISPOSITION

The judgment is affirmed.

/S/
RENNER, J.

We concur:

/S/
EARL, P. J.

/S/
FEINBERG, J.

4